MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN &
ALMOND, LLP
1880 Century Park East, Suite 1011
Los Angeles, California  90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE VILLAGE RECORDER, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THIS IS BLUEPRINT MANAGEMENT LTD., a British Columbia limited company doing business as VILLAGE STUDIOS; and DOES 1-10.<br><br>Defendants. | Case No: 2:26-cv-7276<br><br>COMPLAINT FOR:<br><br>1. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);<br>2. FEDERAL FALSE DESIGNATION OF ORIGIN, FALSE ASSOCIATION, AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));<br>3. FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c));<br>4. CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;<br>5. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200; AND<br>6. CALIFORNIA TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14247)<br><br>DEMAND FOR JURY TRIAL |

## <u>COMPLAINT</u>

Plaintiff THE VILLAGE RECORDER ("Plaintiff" or "The Village"), by and

through its attorneys, alleges against Defendant THIS IS BLUEPRINT

MANAGEMENT LTD. d/b/a VILLAGE STUDIOS and DOES 1 through 10 (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(c), the laws of the State of California, including California Business & Professions Code §§ 17200 et seq. and 14247, and California common law.

2. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise from the same nucleus of operative facts as the federal claims.

3. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events, omissions, confusion, and injury giving rise to Plaintiff's claims occurred in this District, and because Defendants purposefully directed infringing and confusing conduct at Plaintiff, a California corporation located in this District.

4. This Court has personal jurisdiction over Defendants because Defendants knowingly and intentionally used Plaintiff's famous VILLAGE STUDIOS marks, repeatedly tagged and linked to Plaintiff's California-based social media account, promoted events and artists using Plaintiff's social media identity, engaged in

commercial activity affecting the United States music and entertainment market, and caused injury to Plaintiff in California.

5. Defendants knew of Plaintiff and Plaintiff's rights no later than February 25, 2026, when Plaintiff sent a cease and desist letter objecting to Defendants' use of the VILLAGE STUDIOS mark for overlapping recording studio, music, entertainment, and related services. Defendants' Canadian counsel, Fasken Martineau DuMoulin LLP, responded on or about March 17, 2026, acknowledging representation of Defendants and denying that Defendants had any United States presence or use. Since that time, Plaintiff has discovered additional evidence showing that Defendants repeatedly tagged Plaintiff's actual Instagram account, @villagestudios, in connection with the promotion of Defendants' own events and artists.

6. On information and belief, Defendants' social media posts, tags, advertisements, and promotions were disseminated through United States-based platforms, were viewable and interacted with by United States consumers, artists, promoters, and members of the music industry, and were used to promote performances involving artists with substantial United States contacts, including artists touring in Los Angeles, California and elsewhere in the United States.

7. Defendants' domestic uses in commerce include, without limitation, the use of social media posts, promotional content, tags, links, and advertisements that direct users to Plaintiff's California-based social media account and falsely suggest

affiliation, sponsorship, approval, or connection between Defendants and Plaintiff.

## THE PARTIES

8. Plaintiff THE VILLAGE RECORDER is a California corporation with its principal place of business in Los Angeles, California. Plaintiff owns and operates the world-famous recording studio known as The Village and The Village Studios.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant THIS IS BLUEPRINT MANAGEMENT LTD. ("Blueprint") is a British Columbia limited company with its principal place of business in Vancouver, British Columbia, Canada.

10. Plaintiff is informed and believes, and on that basis alleges, that Blueprint owns, operates, controls, manages, promotes, and/or is otherwise responsible for the Vancouver business operating under the name VILLAGE STUDIOS at or near 1022 Davie Street, Vancouver, British Columbia, Canada.

11. Plaintiff is informed and believes, and on that basis alleges, that VILLAGE STUDIOS is a business name, trade name, fictitious business name, and/or brand used by Blueprint in connection with entertainment, event, recording studio, creative workspace, and related music-industry services.

12. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

13. Plaintiff is informed and believes, and on that basis alleges, that each Defendant acted as the agent, principal, partner, joint venturer, alter ego, representative, employee, affiliate, or co-conspirator of each other Defendant, and that each Defendant authorized, ratified, directed, participated in, or benefited from the acts alleged herein.

## GENERAL ALLEGATIONS

### Plaintiff and the VILLAGE Marks

14. Plaintiff owns, uses, and has long used the trademarks THE VILLAGE, THE VILLAGE RECORDER, VILLAGE STUDIOS, and variations thereof (collectively, the "VILLAGE Marks") in connection with recording studio services, audio and video recording, music production, streaming and broadcasting of music and musical performances, entertainment services, and related goods and services.

15. Plaintiff's Los Angeles recording studio has been in continuous operation for decades and has become one of the best-known recording studios in the music industry.

16. Plaintiff's VILLAGE Marks have been used in connection with recordings, performances, streaming content, studio services, and related promotional materials involving numerous internationally known recording artists, musicians, film and television producers, and entertainment industry professionals.

17. Plaintiff's VILLAGE Marks are prominently used online, in social media, on Plaintiff's website, in advertising, in public relations materials, and in

connection with recordings and studio services distributed and promoted throughout the United States and internationally.

18. Plaintiff is the owner of numerous trademark registrations and applications, including United States Registration Nos. 6703693, 4516887, 3665377, 2071311, and 7726998 for VILLAGE STUDIOS, THE VILLAGE, and/or variations thereof, and Canadian Registration No. TMA1,071,777 for VILLAGE STUDIOS. Plaintiff will identify and prove its registrations and common law rights at trial.

19. Plaintiff's VILLAGE Marks are distinctive and have acquired substantial goodwill and secondary meaning as identifiers of Plaintiff and its goods and services.

20. Plaintiff's Instagram account, @villagestudios, is used by Plaintiff to promote Plaintiff's business, goodwill, recording studio services, artists, history, and brand identity in California, throughout the United States, and internationally.

21. The consuming public, artists, promoters, venue operators, record labels, managers, agents, entertainment professionals, and members of the music industry associate the VILLAGE Marks and @villagestudios social media identity with Plaintiff.

### Defendants' Infringing Conduct

22. Defendants operate, promote, and advertise a business under the identical name VILLAGE STUDIOS in Vancouver, British Columbia.

23. Defendants' website and promotional materials describe Defendants' VILLAGE STUDIOS business as a multidisciplinary event and creative space that has added a recording studio and creative workspace.

24. Defendants use the identical VILLAGE STUDIOS designation in connection with entertainment, events, artists, performances, recording studio, creative workspace, and related music-industry services that overlap with, are closely related to, and travel through the same channels of trade as Plaintiff's goods and services.

25. Defendants have no license, permission, authorization, consent, or other right to use Plaintiff's VILLAGE Marks or Plaintiff's social media identity.

26. On or about February 25, 2026, Plaintiff sent Defendants a cease and desist letter placing Defendants on actual notice of Plaintiff's rights and demanding that Defendants cease and desist from infringing use of the VILLAGE Marks.

27. Through counsel, Defendants denied infringement and asserted that Defendants operate exclusively in Canada and have no presence or use in the United States.

28. After Plaintiff's cease and desist letter and Defendants' counsel's response, Plaintiff discovered additional evidence showing that Defendants repeatedly tagged and linked to Plaintiff's actual Instagram account, @villagestudios, in promotional posts for Defendants' own events and artists.

29. Examples of Defendants' confusing uses include posts stating or

implying that artists would appear at "@villagestudios," that artists would "take over @villagestudios," that an artist "hits @villagestudios," or that users should attend or obtain tickets for events associated with "@villagestudios," when the referenced @villagestudios account belongs to Plaintiff in Los Angeles, California, not Defendants.

30. On information and belief, Defendants used these tags and links to promote Defendants' own events, increase visibility, drive engagement, and associate Defendants' venue and services with Plaintiff's goodwill and social media identity.

31. Defendants' repeated tagging of Plaintiff's account has caused actual confusion by falsely suggesting that Defendants' venue, events, artists, and services are affiliated with, sponsored by, approved by, or connected to Plaintiff.

32. Defendants' conduct is especially likely to confuse because the parties use identical or nearly identical names in the same music and entertainment industry, promote overlapping services, use overlapping marketing channels, target artists and music industry consumers, and operate in a marketplace where artists, promoters, venues, and consumers routinely interact through social media.

33. Defendants' conduct also involves artists with substantial United States connections, including artists touring in Los Angeles and elsewhere in the United States, and posts or tags that place Defendants' VILLAGE STUDIOS name and Plaintiff's @villagestudios account in the same promotional stream as United States

tour dates, venues, audiences, artists, promoters, and consumers.

34. Defendants' conduct has injured Plaintiff in California by diverting attention, goodwill, traffic, and association from Plaintiff; causing confusion among consumers and industry participants; impairing Plaintiff's ability to control its brand identity; and creating the false impression that Plaintiff is associated with Defendants' business and events.

35. Defendants' continued conduct after actual notice is deliberate, willful, and in bad faith.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff owns valid and enforceable United States registrations for its VILLAGE Marks, including the VILLAGE STUDIOS mark.

38. Defendants have used reproductions, copies, colorable imitations, and confusingly similar versions of Plaintiff's registered marks in commerce without Plaintiff's consent.

39. Defendants' use is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, sponsorship, or approval of Defendants' goods and services.

40. Defendants' conduct has caused and is likely to continue causing

irreparable injury to Plaintiff, including loss of control over Plaintiff's goodwill and reputation.

41. Defendants' conduct has been knowing, intentional, and willful, entitling Plaintiff to damages, disgorgement of profits, enhanced damages, attorneys' fees, costs, and injunctive relief.

## SECOND CLAIM FOR RELIEF

Federal False Designation of Origin, False Association, Passing Off, and Unfair Competition – 15 U.S.C. § 1125(a)

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. Defendants' use of the VILLAGE STUDIOS name, Plaintiff's @villagestudios account, and related promotional content constitutes false designation of origin, false association, passing off, and unfair competition.

44. Defendants' acts are likely to cause confusion, mistake, or deception as to whether Defendants' venue, events, artists, services, and promotional activities originate with, are sponsored by, are approved by, or are affiliated with Plaintiff.

45. Defendants' use of Plaintiff's social media identity in connection with Defendants' own commercial promotions is false and misleading and falsely implies that Plaintiff is connected with Defendants.

46. Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

47. Defendants' conduct is willful, deliberate, and undertaken with knowledge of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF

Federal Trademark Dilution – 15 U.S.C. § 1125(c)

48. Plaintiff incorporates by reference the allegations of paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff's VILLAGE Marks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c), including by virtue of Plaintiff's decades-long use, nationwide and international publicity, extensive recognition in the music and entertainment industry, and widespread association with famous recording artists and recordings.

50. Defendants began using the VILLAGE STUDIOS designation after Plaintiff's VILLAGE Marks became famous and distinctive.

51. Defendants' use of the identical VILLAGE STUDIOS designation and Plaintiff's social media identity is likely to dilute the distinctive quality of Plaintiff's marks by blurring and/or tarnishment.

52. Defendants' conduct is willful and intentional, entitling Plaintiff to injunctive relief and other remedies available under law.

## FOURTH CLAIM FOR RELIEF

California Common Law Trademark Infringement and Unfair Competition

53. Plaintiff incorporates by reference the allegations of paragraphs 1 through

52 as though fully set forth herein.

54. Plaintiff owns protectable common law trademark rights in the VILLAGE Marks in California and elsewhere.

55. Defendants' unauthorized use of the VILLAGE STUDIOS name and Plaintiff's social media identity is likely to cause confusion as to source, sponsorship, affiliation, connection, or approval.

56. Defendants have unfairly competed with Plaintiff by trading upon Plaintiff's goodwill, diverting goodwill and attention, and creating a false association with Plaintiff.

57. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants are enjoined.

## FIFTH CLAIM FOR RELIEF

Violation of California Business & Professions Code § 17200

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through 57 as though fully set forth herein.

59. Defendants' conduct constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200.

60. Defendants' conduct is unlawful because it violates the Lanham Act and California common law.

61. Defendants' conduct is unfair because Defendants have misappropriated

12
COMPLAINT

Plaintiff's goodwill and social media identity and have created false association and confusion in the marketplace.

62. Defendants' conduct is fraudulent because it is likely to deceive consumers, artists, promoters, and members of the music industry into believing that Defendants are affiliated with, sponsored by, approved by, or connected to Plaintiff.

63. Plaintiff is entitled to restitution, disgorgement, injunctive relief, and all other relief available under California law.

## SIXTH CLAIM FOR RELIEF

California Trademark Dilution – California Business & Professions Code § 14247

64. Plaintiff incorporates by reference the allegations of paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff's VILLAGE Marks are famous and distinctive in California and elsewhere.

66. Defendants' commercial use of the VILLAGE STUDIOS designation began after Plaintiff's marks became famous and distinctive.

67. Defendants' commercial use is likely to dilute the distinctive quality of Plaintiff's VILLAGE Marks by blurring and/or tarnishment.

68. Plaintiff is entitled to injunctive relief and all other available remedies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

them, as follows:

1. For preliminary and permanent injunctive relief prohibiting Defendants and all persons acting in concert with them from using VILLAGE STUDIOS, THE VILLAGE, or any confusingly similar mark, designation, handle, tag, link, domain, trade name, or social media identity in connection with recording studio, entertainment, event, artist promotion, streaming, creative workspace, venue, or related music-industry services;

2. For preliminary and permanent injunctive relief prohibiting Defendants from tagging, linking to, referencing, using, or otherwise associating their business, events, artists, services, advertisements, posts, reels, stories, websites, ticketing pages, or promotions with Plaintiff's @villagestudios account or any other Plaintiff social media account or identity;

3. For an order requiring Defendants to remove, delete, correct, or modify all infringing and confusing posts, advertisements, websites, ticketing materials, social media content, and promotional materials, and to publish corrective notices as the Court deems appropriate;

4. For an accounting and disgorgement of Defendants' profits attributable to the infringing conduct;

5. For actual damages, enhanced damages, and/or treble damages as permitted by law;

6. For restitution and disgorgement under California Business & Professions

Code § 17200;

7. For Plaintiff's reasonable attorneys' fees and costs, including pursuant to 15 U.S.C. § 1117 and any other applicable law;

8. For prejudgment and post-judgment interest;

9. For punitive damages to the extent permitted by law on the applicable state law claims;

10. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: July 3, 2026                    **FISCHBACH, PERLSTEIN, LIEBERMAN & ALMOND, LLP**


By: /Michael P. Martin/
**Michael P. Martin**
Attorneys for Plaintiff THE VILLAGE RECORDER

15
COMPLAINT